J-A33025-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRUCE J. GOLDBLATT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JANE D. YOUNG | : | |
| | : | |
| Appellant | : | No. 692 WDA 2016 |

Appeal from the Decree Entered April 19, 2016
in the Court of Common Pleas of Washington County
Civil Division at No(s): 2010-3177

| | | |
|---|---|---|
| BRUCE J. GOLDBLATT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JANE D. YOUNG | : | |
| | : | |
| Appellee | : | No. 741 WDA 2016 |

Appeal from the Decree entered April 19, 2016
in the Court of Common Pleas of Washington County
Civil Division at No(s): 2010-3177

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JULY 31, 2017**

I agree with the ultimate result reached by the learned Majority in this matter. I also agree with the analysis for all issues with the exception of the analysis of whether Judge Gilman erred in its application of the coordinate jurisdiction rule.

*Retired Senior Judge assigned to the Superior Court.

The Majority concludes that Judge Gilman did not err in applying the coordinate jurisdiction rule because the original conclusion reached by Judge DiSalle with respect to the interpretation of Paragraph 3(c) of the prenuptial agreement was legally incorrect. That, however, does not resolve the issue of whether Judge Gilman erred in applying the precepts of the coordinate jurisdiction rule. That rule is clear, in order for a judge sitting in the same court to overrule another judge, the first judge's order must be "clearly erroneous" and result in "manifest injustice." ***Zane v. Friends Hosp.***, 836 A.2d 25, 29 (Pa. 2003).

Simply because two judges may have different opinions about the interpretation of a contract does not mean that one judge's opinion is either "clearly erroneous" or would result in "manifest injustice." As set forth in the concurring opinion by Justice Nigro in ***Zane***:

> [A]ny such exception [to the coordinate jurisdiction rule] should be applied only in extremely limited circumstances. Thus, a judge should not label a prior order to be clearly erroneous merely because he disagrees with that order, but rather, it must be virtually undisputable that the prior judge erred. Similarly, it should not be considered a manifest injustice that an erroneous prior order will merely delay correct resolution of a case, but rather, adherence to the prior order must be such that it will cause considerable substantive harm aside from delay and … will result in a situation that is plainly intolerable.

836 A.2d at 34-35 (Nigro, J. concurring) (internal quotation marks omitted).

In this case, paragraph 3(C) of the prenuptial agreement can be open to interpretation. First, the terms "following the marriage" and "during the

term of the marriage" are not inconsistent. Moreover, Judge DiSalle's interpretation of the agreement requiring Husband to deposit funds into the joint account up until the divorce was final cannot be said to be clearly erroneous or result in a manifest injustice. Simply because this Court now concludes that Judge DiSalle was legally incorrect does not mean that Judge Gilman did not err in overruling Judge DiSalle. Rather, Husband would have had the opportunity to raise any issue with Judge DiSalle's order on appeal, and this Court would have granted relief accordingly. However, because I agree with the Majority that Judge Gilman's ultimate decision was correct, I concur in the result reached by the Majority on this issue.